| | | |
|---|---|---|
| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL VI | | |
| FIRSTBANK PUERTO RICO<br><br>Apelado-Recurrido<br><br>v.<br><br>CARLOS BECHARA FAGUNDO<br><br>Apelante-Peticionario | KLAN202400225 | APELACIÓN Procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez.<br><br>Civil núm.: ISCI201600404<br><br>Sobre: Cobro de Dinero<br><br>**Se acoge como un *Certiorari*** |

Panel integrado por su presidenta la jueza Ortiz Flores, el juez Rivera Torres, la jueza Rivera Pérez y el juez Campos Pérez.

**Rivera Torres, Juez Ponente**

## RESOLUCIÓN

En San Juan, Puerto Rico, a 15 de marzo de 2024.

Comparece ante este Tribunal de Apelaciones, el Sr. Carlos Bechara Fagundo (el señor Bechara Fagundo o el peticionario) mediante el recurso de epígrafe solicitándonos la revisión de una *Resolución Parcial y Orden* emitida por el Tribunal de Primera Instancia (TPI), Sala Superior de Mayagüez, el 21 de noviembre de 2023, notificada el 27 del mismo mes y año.

Al recurso se le asignó el alfanumérico KLAN202400225; no obstante, por tratarse de la revisión de un dictamen interlocutorio lo acogemos como un recurso de *Certiorari*, manteniendo el alfanumérico otorgado en nuestra Secretaría.

Por los fundamentos que expondremos a continuación, se desestima el recurso de epígrafe por falta de jurisdicción, por prematuridad.

Número Identificador
RES2024_____

**I.**

En lo aquí pertinente, surge del recurso ante nuestra consideración que, el 8 de mayo de 2023, el señor Bechara Fagundo presentó una *Moción Urgente Solicitando Desestimación y Nulidad de Sentencia*. En apretada síntesis, alegó que la *Sentencia* dictada el 14 de marzo de 2017 es nula por cuanto nunca se adquirió jurisdicción sobre su persona. Luego de concedido término a Firstbank Puerto Rico (el Banco o el recurrido) para que se expresara, sin así hacerlo, el TPI emitió el dictamen recurrido. Entre otros asuntos, resolvió que **de los autos originales no surgía que la *Sentencia* emitida el 14 de marzo fuese notificada mediante aviso de publicación de sentencia por edicto, dado que el peticionario fue emplazado por edicto**. Así, el foro primario concluyó que: [1]

> No haber notificado la sentencia mediante publicación de edicto tiene como consecuencia que cualquier trámite posterior se considera "ultra vires" y no surte efecto alguno. Siendo una **notificación defectuosa**, el derecho del demandado de cuestionar la sentencia emitida constituye una violación a las garantías del debido proceso de ley. [Énfasis nuestro]

Inconforme, el peticionario instó una oportuna solicitud de reconsideración la cual fue declarada *no ha lugar* el 5 de febrero de 2024, notificada al día siguiente.

Todavía en desacuerdo, el señor Bechara Fagunado acude ante este foro intermedio mediante el recurso de *certiorari* de epígrafe imputándole al tribunal de primera instancia haber incurrido en el siguiente error:

> ERRÓ EL TPI AL NO DESESTIMAR CON PERJUICIO LA DEMANDA EN EL PRESENTE CASO POR HABER INCURRIDO EN DOS OCASIONES CON LO QUE DISPONE LA REGLA 4.3 DE PROCEDIMIENTO CIVIL, EN CUANTO AL DILIGENCIAMIENTO DEL EMPLAZAMIENTO EN EL TÉRMINO DE 120 DÍAS.

Examinado el recurso y al tenor de la determinación arribada, prescindimos de la comparecencia de la parte recurrida según nos

---

[1] Véase el Apéndice del Recurso, a la pág. 8.

faculta la Regla 7(B)(5) de nuestro Reglamento. 4 LPRA Ap. XXII-B, R. 7(B)(5).

**II.**

Los tribunales debemos ser celosos guardianes de nuestra jurisdicción, estando obligados a considerarla aun en ausencia de algún señalamiento al respecto de las partes. La razón para ello es que la jurisdicción delimita la potestad o facultad que los tribunales poseemos para atender una controversia ante nuestra consideración. Tal asunto debe ser resuelto con preferencia porque de carecer de jurisdicción para atenderlo, lo único que corresponde hacer es así manifestarlo. *Constructora Estelar v. Aut. Edif. Púb.*, 183 DPR 1, 22 (2011); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 883 (2007). El no tener la potestad para atender un asunto no puede ser corregido ni atribuido por el tribunal. *Constructora Estelar, S.E. v. Aut. Edificios Públicos*, supra.

En aquellas instancias en las que un ente adjudicador dicta una sentencia sin ostentar jurisdicción en la persona o en la materia, su determinación es "jurídicamente inexistente." *Maldonado v. Junta Planificación*, 171 DPR 46, 55 (2007). De ahí que, cuando un foro adjudica un recurso sobre el cual carece de jurisdicción para entender en este, ello constituye una actuación ilegítima, disponiéndose que cuando la ley expresamente proscribe asumir jurisdicción, no existe una interpretación contraria. *Íd.*

De otro lado, un tribunal carece de jurisdicción para adjudicar una controversia cuando se presenta un recurso de forma prematura. Un recurso prematuro es aquel presentado en la secretaría de un tribunal <u>antes de que el asunto esté listo para su adjudicación</u>. De tal forma, un recurso prematuro, al igual que uno tardío, adolece del grave e insubsanable defecto de falta de jurisdicción y tiene que ser desestimado. *Padilla Falú v. A.V.P.*, 155 DPR 183, 192 (2001); *Rodríguez v. Zegarra*, 150 DPR 649, 654 (2000).

Su presentación carece de falta de eficacia y no produce ningún efecto jurídico, pues en el momento de su presentación un foro apelativo no tiene autoridad judicial para acogerlo; menos para conservarlo con el propósito de luego reactivarlo en virtud de una moción informativa. *Juliá et al v. Epifanio Vidal, S. E.*, 153 DPR 357, 366 (2001).

Como corolario de lo antes expuesto, el Reglamento del Tribunal de Apelaciones dispone en la Regla 83, 4 LPRA Ap. XXII-B, R. 83, lo siguiente:

> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
> (1) que el Tribunal de Apelaciones carece de jurisdicción;
> (…)
> (C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente.

**III.**

Analizado el recurso ante nuestra consideración nos corresponde, en primera instancia, atender el asunto relativo a la jurisdicción debido a que debe ser resuelto con preferencia a cualquiera otra cuestión. Ello, aun cuando ninguna de las partes lo haya argumentado o solicitado.

De entrada precisa advertir que no existe duda alguna que la notificación de la *Sentencia* dictada el 14 de marzo de 2017,  contra la cual se instó la moción solicitando su nulidad, es una defectuosa. Esto, debido a que no consta en los autos originales del caso que la misma haya sido notificada mediante publicación de edicto; ello, de la misma forma mediante la cual se emplazó a la parte, según lo exige nuestro ordenamiento.[2] Como es sabido, una notificación defectuosa impide que comience a transcurrir el término para recurrir de cualquier determinación final, ya sea judicial o

---

[2] Véase la Regla 65.3(c) de las Reglas de Procedimiento Civil, 32 LPRA, Ap. V. R. 65.3(c), y *Bco. Popular v. Andino Solís*, 192 DPR 172, 182-183 (2015).

administrativa. *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 502 (2019).

Como indicamos, un recurso prematuro es aquel presentado en la secretaría de un tribunal antes de que el asunto esté listo para su adjudicación y por ello, adolece del grave e insubsanable defecto de falta de jurisdicción y tiene que ser desestimado. Por otra parte, este tribunal no puede conservar o retener un recurso que es prematuro, con el propósito de luego activarlo cuando esté maduro. *Rodríguez v. Zegarra*, 150 DPR 649, 654 (2000). Así pues, precisa advertir que no tenemos discreción para asumir jurisdicción donde no la hay. Debido a que la falta de jurisdicción no puede ser subsanada, ni el tribunal puede arrogársela de esta no existir, solo nos resta desestimar la acción ante nuestra consideración. *González v. Mayagüez Resort & Casino*, 176 DPR 848, 856 (2009); *García v. Hormigonera Mayagüezana*, 172 DPR 1, 7 (2007).

## IV.

Por los fundamentos anteriormente expuestos, desestimamos el recurso de epígrafe ante la falta de jurisdicción.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones